IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 18-285 |
| | : | |
| TIMOTHY FRIEL | : | |

### JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

1. As a result of the defendant's guilty plea as to Count One of the Indictment, the defendant is required, and has agreed, pursuant to 18 U.S.C. § 2253, made applicable by 28 U.S.C. § 2461(c), to criminally forfeit to the United States his interest in the assets used or intended to be used to commit or promote the commission of such offenses.

2. The following property is therefore subject to forfeiture as a result of the defendant's guilty plea to Count One of the Indictment, and the government has established the requisite nexus between such property and such offense:

   a. **one (1) 21.5 inch Apple iMac computer, model A1418, serial number DCPK9N0VFC6M;**

   b. **one (1) 21.5 inch Apple iMac computer, model A1418, serial number D25W102HJ1GC;**

   c. **one (1) 27 inch Apple iMac computer, model A1312, serial number YD01558J5PJ;**

   d. **one (1) Dell laptop computer, model PP05L, service tag HYVTF81;**

   e. **one (1) Seagate Barracuda hard drive, serial number 5VP3B9LH;**

   f. **one (1) Seagate Backup Plus hub, serial number NA8TNV7G;**

    g.  **one (1) Apple iPhone 7 Plus, model A1784; serial number unknown**

    h.  **one (1) Apple iPhone 6, 64GB, model A1549; serial number 354410062229284**

    i.  **one (1) Apple iPhone 4, 16GB, model A1332; serial number unknown**

    j.  **four (4) external thumb drives; and**

    k.  **thirty-four (34) DVDs and CDs.**

  3.  Upon entry of this Order, the United States is authorized to seize the property described in paragraph 2 above that is not already in the government's custody, and to conduct any discovery necessary to dispose of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

  4.  Pursuant 21 U.S.C. § 853(n)(1), the United States shall, upon entry of this Order, post on an official internet government forfeiture site (http://www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the government's intent to dispose of the property identified above in paragraph 2, in such manner as the Attorney General may direct. This notice shall state that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty-five (35) days of the receipt of actual notice or within sixty (60) days after the first day of publication on the official internet government forfeiture site. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

5. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property identified above in paragraph 2, or to their attorney, if they are represented, as a substitute for published notice as to those persons so notified. If direct written notice is provided, any person having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days after the notice is received.

6. Any person, other than defendant, asserting a legal interest in the property identified above in paragraph 2 may, within the time periods described above for notice by publication and for direct written notice, petition the court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant 21 U.S.C. § 853(n)(6).

7. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Judgment and Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and must be made part of the sentence and included in the judgment and commitment order. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

8. After the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

10. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigations, the United States Marshals Service, and to counsel for the parties.

ORDERED this 14th day of September, 2018.

BY THE COURT:

*Harvey Bartle*

HONORABLE HARVEY BARTLE, III
*Judge, United States District Court*